RECEIVED
Charlotte, NC
AUG 17 2015
Clerk, US District Court
Western District NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LUCY HORTON,

    Plaintiff,

-v-

Case No. 3:14-CV-00505

ENHANCED RECOVERY
COMPANY, LLC.,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and Local Rule 7.1, Plaintiff Lucy Horton requests permission to amend the original complaint which was filed on September 9th, 2014. The amended complaint regards certain statutes of the 15 U.S.C. 1692, *et seq.*, ("FDCPA") and 15 U.S.C. 1681, *et seq.*, ("FCRA") that were inadvertently stated.

1. On 9/12/2014 the Plaintiff filed the original complaint naming Enhanced Recovery Company, LLC, ("ERC") as Defendant for violations of the FDCPA and the FCRA.

2. On November 10, 2014, Defendant filed its Answer to the Complaint.

3. Plaintiff received a copy of the Certification and Report In December of 2014. However, the parties did not confer on a timeframe for amending pleadings.

4. Plaintiff is not in receipt of a Scheduling Order from the Court.

5. Plaintiff is aware that she should have received a Scheduling Order from the Court.

6. The Amended Complaint does not add any new causes of action.

7. The parties have been engaged in discovery since January 15, 2015 and the Defendant is familiar with the Plaintiff's claims.

8. Discovery for the parties concluded on June 19, 2015.

9. Plaintiff wishes to correct ¶'s #20 and 22 of Count 1 of the Complaint.

10. Plaintiff would also like to attach the verification to her Complaint that was omitted in error.

## MEMORANDUM

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party may amend the party's pleadings only by leave of court. By way of Fed. R. Civ. P. 15(b), the court should "freely give leave [to amend] when justice so requires."

The Supreme Court has directed "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). This mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), §§ 15.08, 15.10. If the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Plaintiff is not in receipt of a scheduling order to know if such an amendment will have an impact on any deadlines. There being no justifying reason to deny leave, this Court should grant Plaintiffs' motion.

Similarly, none of the factors for *Foman* are present. The Sixth Circuit has allowed amendment even after the expiration of discovery and after the time for amended pleadings in the scheduling order. *See, e.g., United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) (allowing United States to add a claim fourteen months after suit was filed, after discovery had

closed, and three weeks before trial). The Amended Complaint does not add any causes of action, but rather more clearly describes the Plaintiff's position.

FRCP Rule 15(b) states, "the burden is on the party opposing the motion to show why the amendment should not be permitted."

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's leave to file an amended complaint in the form attached hereto as **Exhibit 1**, and such other and further relief as the Court deems just and proper.

Submitted this \_\_\_th day of August, 2015

*Lucy Q. Horton*
Lucy Horton

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LUCY HORTON,

    PLAINTIFF,

v.                                        CASE NO. 3:14-CV-00505

ENHANCED RECOVERY COMPANY, LLC.,

    DEFENDANT.

## VERIFIED COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff. Lucy Horton hereby files this complaint against Defendant, Enhanced Recovery Company, LLC of its violations of the Fair Credit Reporting Act ("FCRA") 15 US.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 US.C. § 1681 *et seq.*

### L JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 US.C. § 1681p; 28 US.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 US.C. § 1331.

3. Venue is proper in the Western District of North Carolina pursuant to 28 US.C. §1391b(1), in that the Plaintiff resides here; the Defendant transacts business here; and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action has been performed.

### II. PARTIES

5. Plaintiff. Lucy Horton is a natural person residing in Charlotte, North Carolina and is a "consumer" as defined in FCRA 15 U.S.C. § 1681a(c).

6. Defendant Enhanced Recovery Company, LLC is a Florida corporation with a principal address of 9014 Bayberry Road, Jacksonville, FL 32256.

7. Defendant Enhanced Recovery Company, LLC is a "debt collector as defined by 15 U.S.C. 1681a(6).

## III. FACTUAL ALLEGATIONS

8. In April of 2014, Plaintiff received a collection (hereinafter "dunning") letter from Defendant dated March 31, 2014, demanding payment of an alleged debt.

9. In May of 2014 and without validating the alleged debt, Defendant again sent to Plaintiff another dunning letter.

10. On June 18, 2014, Plaintiff sent to Defendant by certified mail with return receipt requested, bearing a tracking number of 7012 3460 00027902 5639 a validation request of the alleged debt.

11. Defendant received the validation request on June 20, 2014.

12. In July of 2014, Defendant responded with a computer-generated statement dated July 11, 2014 from an alleged creditor that appeared to from the year 2012.

13. The printed computer generated form included an account number and amounts from an account that is unknown to Plaintiff.

14. In August of 2014, Plaintiff obtained her Experian credit report dated August 9, 2014 and discovered that Defendant had inquired into her consumer credit report on March 28, 2014.

15. Plaintiff has never given her consent for Defendant to acquire or inquire into her consumer credit report from any credit reporting agency.

16. In August of 2014 Plaintiff sent a notice and demand to defendant informing Defendant of its violations and giving it the opportunity to settle the matter prior to the filing of this suit.

17. Defendant has not responded to date.

18. Plaintiff suffers from frustration, anger, and anxiety as a result of Defendant's violations and therefore seek damages as a result of Defendant's negligent and noncompliant acts.

## CAUSES OF ACTION

### IV. COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"),

19. Paragraphs 1-18 are re-alleged as though fully set out herein.

20. The Defendant attempted to collect on a debt that Plaintiff has no knowledge of owing.

21. Defendant's conduct violated §1692g of the FDCPA by not sending to Plaintiff a written notice within five days after the initial communication by Plaintiff in connection with the collection of an alleged debt.

22. Defendant's conduct violated 15 U.S.C. § 1692b(4) in that after Plaintiff sent a debt validation request disputing the debt; Defendant did not cease communications with Plaintiff because Defendant provided no verification/validation of alleged debt.

### V. COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED RECOVERY

23. Paragraphs 1-22 are re-alleged as though fully set out herein.

24. Discovery of violations brought forth herein occurred in April of 2014 and are within the statute

    of limitations as defined in the FCRA. 15 U.S.C. 1681p.

25. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

26. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

27. The consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

28. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

29. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

30. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with Defendant.

31. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

32. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. Furthermore, plaintiff attests there was no account that the Defendant had any right to collect in order to have had a permissible purpose to obtain Plaintiff's credit report.

33. On March 28, 2014 Defendant obtained Plaintiff's consumer credit report for what appears to be with no permissible purpose and in violation of the FCRA, 15 U.S.C. § 1681b.

34. Plaintiff invokes her private right of action to assert claims of relief against Defendant arising under 15 US.C. § 1681(n).

35. All actions taken by Defendant were done willfully and with the knowledge that their actions would very likely harm Plaintiff; and/or that their actions were taken in violation of the FCRA; and/or that Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

36. Defendant's negligent and noncompliant acts may have been a direct violation of 15 U.S.C. §1681(n) and 15 U.S.C. § 1681(o).

37. Defendant's actions are willful and negligent and appears to be in violation of 15 US.C. § 1681n because it knew or should have known that its intrusion into Plaintiff's personal consumer credit report, is a violation of her personal privacy.

38. Plaintiff seeks a determination from the court to make Defendant liable for its violations for statutory damages, actual damages, and attorney's fees to be decided at trial and all fees and costs of Plaintiff's pursuant to FCRA 15 U.S.C. Section 1681n.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of Plaintiff as follows:

1. That Plaintiff be awarded costs of litigation and statutory damages pursuant to 15 U.S.C. § 1681n in the amount of $1,000;

2. Statutory and actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k in the amount of $1,000;

3. That the Court grants any such further and additional relief as is just in these circumstances.

Dated: August 7, 2015

Respectfully submitted,

*Lucy J. Horton*
Lucy Horton
1732 Vantage Place
Charlotte, NC 28216

## VERIFICATION

Lucy Horton, a living soul, over 18 years of age, being competent to testify and having first-hand knowledge of the facts herein, declares under penalty of perjury of the laws of the united States of America, that:

STATE OF NORTH CAROLINA )
) ss.
COUNTY OF MECKLENBURG )

On this  11  day of August, 2015 Sworn and Subscribed before me, the above

Lucy J. Horton  (personally known to me, or) proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to within the instrument and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument, the person or the entity upon behalf of which the person acted, signed under oath or asseveration, and accepts the truth thereof.

*Lucy J. Horton*

My commission expires: Nov 8, 2016

Notary Public Signature

Seal: [Notary seal of Anne H. Hanson, Mecklenburg County, NC, My Comm. Expires Nov. 8, 2016]

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiff's Motion to Amend/Correct Complaint was be mailed via U.SP.S. to the addresses listed below on this 12th day of August, 2015.

        Scott S. Gallagher
        Smith, Gambrell & Russell, LLP
        50 North Laura Street, Suite 2600
        Jacksonville, FL 32202

        and

        Harold C. Spears
        CAUDLE & SPEARS, P.A.
        121 West Trade Street, Suite 2600
        Charlotte, NC 28202

Respectfully,

*Lucy J Horton*
LUCY HORTON